UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14012-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN PABLO-PEREZ,

    Defendant.
_____/



FILED by ___ D.C.
JAN 13 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATIONS NUMBERS 5 AND 6 AS SET FORTH IN THE
SECOND SUPERSEDING PETITION FOR VIOLATIONS OF SUPERVISED RELEASE**

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on January 13, 2014, in respect to the pending Second Superseding Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on January 13, 2014, for a final hearing in respect to a Second Superseding Petition Alleging Violations Of Supervised Release alleging the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 12, 2013, in the District of Arizona, the defendant committed the offense of illegal reentry after deportation contrary to Title 8 U.S.C. § 1326. |
| **Violation Number 2** | **Violation of Special Condition**, by reentering the United States without the written permission of the Secretary for Border and Transportation Security. If the defendant reenters the United States within the term of supervised release, he |

1

is to report to the nearest U.S. Probation Office. On or about February 12, 2013, the defendant reentered the United States without the written permission of the Undersecretary for Border and Transportation Security as evidenced by his arrest on February 12, 2013, for illegal reentry after deportation.

**Violation Number 3**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about June 14, 2013, in the District of Arizona, the defendant committed the offense of illegal reentry after deportation contrary to Title 8 U.S.C. § 1326.

**Violation Number 4**   **Violation of Special Condition**, by reentering the United States without the written permission of the Secretary for Border and Transportation Security. If the defendant reenters the United States within the term of supervised release, he is to report to the nearest U.S. Probation Office. On or about June 14, 2013, the defendant reentered the United States without the written permission of the Undersecretary for Border and Transportation Security as evidenced by his arrest on June 14, 2013, for illegal reentry after deportation.

**Violation Number 5**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about November 14, 2013, in the District of Arizona, at or near Sasabe, Arizona, the defendant committed the following offenses, Count 1: Being found in the United States of America after having been denied admission, excluded, deported, and removed from the United States, and not having obtained the express consent of the Attorney General or the Secretary of DHS to reapply for admission, contrary to Title 8 U.S.C. § 1326(a); and Count 2: Entering the United States of America at a time and place other than

|||
|---|---|
| | as designated by Immigration Officers of the United States of America, contrary to Title 8 U.S.C. § 1325. On November 18, 2013, in the District of Arizona, the defendant pled guilty to Illegal Entry in violation of Title 8 U.S.C. § 1325 and was sentenced to one hundred eighty (180) days with credit time served. |
| **Violation Number 6** | **Violation of Special Condition**, by reentering the United States without the written permission of the Secretary for Border and Transportation Security. If the defendant reenters the United States within the term of supervised release, he is to report to the nearest U.S. Probation Office. On or about November 14, 2013, the defendant reentered the United States without the written permission of the Undersecretary for Border and Transportation Security as evidenced by his arrest on November 14, 2013, for illegal reentry after deportation. |

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 5 and 6 as set forth in the Second Superseding Petition. The government announced that it agreed to dismiss Violations Numbers 1, 2, 3 and 4. This Court questioned the Defendant through the use of a court certified Spanish interpreter and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The possible maximum penalties which the Defendant was facing were read into the record by the government which included advising the Defendant of the possibility

of deportation after sentencing and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 5 and 6 of the Second Superseding Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 5 and 6 as set forth in the Second Superseding Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _13th_ day of January, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Russell Killinger
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal